IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| S.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-254-WC |
| | ) | |
| City of Montgomery, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment (Doc. 26), and Brief in Support (Doc. 27). Plaintiff filed a Response (Doc. 31), to which Defendants filed a Reply (Doc. 32). Defendants City of Montgomery ("City"), Acting Chief of the Montgomery Police Department, Kevin Murphy ("Murphy"), Cpl. Jeremy Bolton ("Bolton"), and Cpl. Jeremy Johnston ("Johnston"), move the court to grant summary judgment against all ten of Plaintiff's claims stemming from allegations that Bolton caused Plaintiff physical harm during an encounter in October of 2010.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 13); Def.s' Consent to Jurisdiction (Doc. 14). For the reasons discussed below, the Motion for Summary Judgment (Doc. 26) is GRANTED in part and DENIED in part.

I.       STATEMENT OF FACTS

Few facts in this case appear to be agreed upon by the parties.  It appears that the

parties only agree that something transpired between Bolton, Johnston, and Plaintiff, a minor

at the time, on the night of October 7, 2010.  The circumstances surrounding what happened

before, during, and after the encounter are in dispute.  The court will discuss the pertinent

facts as they relate to each claim below.

II.      STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court shall

grant a motion for "summary judgment if the movant shows that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(a).[1]  Only disputes about material facts will preclude the granting of

summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "An issue

of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for

---

[1]  On December 1, 2010, amendments to Rule 56 became effective.  The amendments to Rule 56 generally reorganize the provisions of the Rule and incorporate language which is "intended to improve the procedures for presenting and deciding summary judgment-motions and [is] . . . *not intended to change the summary-judgment standard or burdens.*" *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 n.4 (1st Cir. 2011) (internal quotations omitted) (emphasis in original). Moreover, because the summary judgment standard remains the same, the amendments "will not affect continuing development of the decisional law construing and applying" the standard now articulated in Rule 56(a).  Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendments. Accordingly, while the court is bound to apply the new version of Rule 56, the undersigned will, where appropriate, continue to cite to decisional law construing and applying prior versions of the Rule.

the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion[,]" and alerting the court to portions of the record which support the motion. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied this burden, the non-movant is then similarly required to cite portions of the record which show the existence of a material factual dispute. *Id.* at 324.  In doing so, and to avoid summary judgment, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

If the non-movant "fails to properly address another party's assertion of fact" as required by Rule 56(c), then the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including

the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P.

56(e)(2) & (3).

In determining whether a genuine issue for trial exists, the court must view all

evidence in the light most favorable to the non-movant.  *McCormick v. City of Fort*

*Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  Likewise, the reviewing court must draw

all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson*, 477

U.S. at 255.  After the non-moving party has responded to the motion for summary judgment,

the court must grant summary judgment if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

## III.    DISCUSSION

### A.      *Excessive Force (Count I)*

Plaintiff's claim of excessive force alleges that Defendants Johnston and Bolton

"unlawfully subjected Plaintiff to excessive and unnecessary force."  Compl. (Doc. 1-1) at

6.  Defendants move for summary judgment on the basis that Johnston had no physical

contact with Plaintiff and because Bolton "exercised reasonable force in detaining Plaintiff

given the circumstances, but regardless, he is entitled to qualified immunity on the claim of

excessive force."  Defs.' Mot. (Doc. 26) at 2.

"In an excessive force case arising out of an arrest, whether a constitutional violation

occurred is governed by the Fourth Amendment's 'objective reasonableness' standard."

*Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (citing *Brosseau v. Haugen*, 543

U.S. 194, 197 (2004). "A law enforcement officer receives qualified immunity for use of

force during an arrest if an objectively reasonable officer in the same situation could have

believed the use of force was not excessive." *Brown v. City of Huntsville, Ala.*, 608 F.3d

724, 738 (11th Cir. 2010). In determining whether the exercise of force was objectively

reasonable or excessive, the court does not consider the subjective belief of the officer. *Id.*

"Rather, excessive force is judged solely on an objective basis." *Hadley,* 526 F.3d at 1330.

(citing *Graham v. Connor*, 490 U.S. 386, 399 (1989) and *Nolin v. Isbell*, 207 F.3d 1253,

1257 n. 3 (11th Cir. 2000)).

Defendants argue that Bolton is entitled to summary judgment because he "reasonably

believed Plaintiff was a suspect in an armed robbery, that Plaintiff had tossed a gun to the

ground and that he was moving toward the gun. In such a situation, any reasonable officer

would believe that his life was at risk." Defs.' Brief (Doc. 27) at 15. The court does not

agree. Taking the disputed facts in a light most favorable to Plaintiff[2] and ignoring Bolton's

subjective beliefs, Plaintiff dropped his vehicle keys, with his hands in the air, while kneeling

to the ground, in full compliance with the officers' orders. Bolton then approached Plaintiff

and hit him in the head with his gun. As the Court of Appeals for the Eleventh Circuit has

stated: "Our cases hold that gratuitous use of force when a criminal suspect is not resisting

---

[2] "In qualified immunity cases, this usually means adopting [ . . . ] the plaintiff's version of the facts." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

arrest constitutes excessive force." *Brown*, 608 F.3d at 738. (quoting *Hadley*, 526 F.3d at 1330). The court finds that an objectively reasonable officer would have known that hitting Plaintiff on the head, as he was complying with the officers' commands and posed no threat to the officers' safety, was unlawful. *See id.* Thus, there are material facts in dispute as to this claim and summary judgment is due to be denied as to Bolton.

As to Johnston, Plaintiff fails to provide any support for a claim of excessive force. As will be discussed more fully below in the court's discussion of the Failure to Intervene claim, Plaintiff's testimony establishes that Johnston was at a distance when the alleged use of force occurred. Accordingly, there are no facts in dispute that could establish this claim and summary judgment is due to be granted as to Johnston.

### B.   *Assault & Battery (Count II)*

In Count II, Plaintiff alleges that Defendants Johnston and Bolton "assaulted and battered Plaintiff by willfully, wantonly, and intentionally inflicting physical harm on him." Compl. (Doc. 1-1) at 7. Defendants move for summary judgment for Johnston on the basis that "Bolton is the only officer who physically detained Plaintiff." Def.'s Brief (Doc. 27) at 15. Defendants move for summary judgment for Bolton "based on state agent immunity pursuant to Section 6-5-338, *Code of Alabama*, 1975 and *[Ex parte Cranman,* 792 So. 2d 392 (Ala. 2000)]." *Id.*

Defendants concede that even if Plaintiff's claims arise from a function that would entitle Defendants to immunity, Plaintiff can eviscerate that immunity by showing

Defendants acted "'willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.'" *Id*. at 15-16 (quoting *Cranman,* 792 So. 2d at 405). Of course, it is Plaintiff's contention that Defendants acted willfully. Defendants' only argument in this regard is that "there are no facts to support allegations by Plaintiff that Bolton acted willfully, maliciously, fraudulently or in bad faith." *Id*. at 17. The court disagrees.

Taking the disputed facts in a light most favorable to Plaintiff, the court finds that a reasonable fact finder could determine that Bolton acted "willfully, maliciously, fraudulently or in bad faith." Plaintiff testified in depositions that he complied with the officers' orders and posed no threat to the officers when Bolton approached him and struck him in the head. Defendants assert in their facts section that Plaintiff made an overt movement toward what the officers believed to be a weapon that Plaintiff had just thrown on the ground only seconds before. Thus, there are genuine issues of material facts that will determine whether Bolton willfully, maliciously, fraudulently or in bad faith, inflicted physical harm on Plaintiff. However, Plaintiff has put forth no evidence to refute Johnston's request that summary judgment be granted as to him. Indeed, Plaintiff makes no allegation that Johnston caused him physical harm. Accordingly, summary judgment on this claim is due to be denied as to Bolton and granted as to Johnston.

### C.    *Failure to Intervene (Count III)*

Defendants have moved for summary judgment as to Plaintiff's claim for failure to

intervene.  Defendants argue that Plaintiff has failed to establish that Johnston was in a position to stop the alleged use of force.  The court agrees and finds that Defendants are entitled to summary judgment on this issue.

"[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."  *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007).  However, in order to succeed on this claim, Plaintiff must show that the "non-intervening officer was in a position to intervene yet failed to do so."  *Hadley,* 526 F.3d at 1331.  Plaintiff's own deposition testimony negates any allegation that Johnson was in any position to intervene in Bolton's alleged use of force.  Plaintiff's excessive force claim specifically alleges excessive force was used to strike Plaintiff in the head with a pistol.  Compl. (Doc. 1-1) at 6.  Thus, Plaintiff must show that Johnston was in a position to stop the striking of Plaintiff's head.  However, Plaintiff testified that Bolton was the "[o]nly one that got close to [Plaintiff]" and that when he was struck in the head, Johnston was "[s]tanding quite a distance back."  Pl.'s Ex. B (Doc. 35-3) at 8.  Accordingly, there are no material facts in dispute as to whether Officer Johnston was in a position to have intervened and stopped the alleged blow to Plaintiff's head and Defendants are entitled to summary judgment on this claim.

> **D.**     ***Negligent Supervision (Count IV), Inadequate Training (Count (V), and Deliberate Indifference (Count IX).***

In Counts IV & V, Plaintiff alleges that "Defendants City of Montgomery and Acting Chief Murphy failed to monitor the activities of the law enforcement officials and negligently failed to properly supervise their activities and conduct . . ." and "negligently failed to adequately train and supervise Defendant Officers in the areas of excessive force, arrest procedures and investigatory stops." Compl. (Doc. 1-1) at 9. In Count IX, Plaintiff asserts that Defendants' failure to implement policies, procedure and practices, and failures to train and supervise has created an "atmosphere of tolerance regarding willful, wanton and improper behavior of officers," and was as a result of deliberate indifference. *Id*. at 12. As to the claims of negligent supervision and inadequate training, Defendants seek summary judgment on the basis of state agent immunity, relying in total on *Walker v. City of Huntsville*, 62 So. 3d 474, 499 (Ala. 2010). Plaintiff counters by arguing that these are federal claims of negligent supervision and training under § 1983, and not a claim under Alabama law. In Reply, Defendants argue that "Plaintiff's complaint does not allege federal claims of failure to train and supervise." Reply (Doc. 32) at 5.

Because Plaintiff asserts in his Response that these are federal claims and does not defend against Movants' claim of state agent immunity, the court finds that to the extent these may have been state claims, Plaintiff has abandoned such. The court will then analyze these as federal claims. As will be discussed below, Plaintiff's stand-alone claim for Deliberate Indifference is actually a failure to train and supervise claim under § 1983.

As this is a § 1983 claim, Plaintiff may not rely on the doctrine of *respondeat superior*

to hold Murphy or the City liable. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Respondeat superior or vicarious liability will not attach under § 1983."). Instead, Plaintiff must show that Defendants had a policy or custom that led to the injury. *Id*. "A police department's failure to train or supervise its officers can constitute a 'policy' sufficient to trigger governmental liability but only in limited circumstances, such as when that failure 'amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Williams v. DeKalb Cnty.*, 327 F. App'x 156, 160 (11th Cir. 2009) (quoting *City of Canton*, 489 U.S. at 388). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cnty.,* 601 F.3d 1152, 1158 (11th Cir. 2010) (internal quotation marks omitted).

Plaintiff claims that Defendants had knowledge of a risk, in that they knew that Bolton had a past history of the use of excessive force.[3] While it is possible, under limited circumstances, to hold a municipality liable under a theory of deliberate indifference based solely on a single hiring decision,[4] Plaintiff's claims here break down as pleaded. Generally, a Plaintiff reaches deliberate indifference through failure to train and supervise claims, but Plaintiff has pleaded his Negligent Supervision (Count IV) and Inadequate Training (Count V), claims here as mere negligence claims. By the nature of the claims as pleaded, Plaintiff

---

[3] *See* Resp. (Doc. 31) at 10.

[4] *See e.g. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 408 (1997).

is unable to establish these claims, because in order to make a deliberate indifference showing as to training and supervision, he must provide "proof of more than gross negligence." *Townsend,* 601 F.3d at 1158. *See Daniels v. Williams*, 474 U.S. 327, 336 (1986) (finding that § 1983 does not afford a remedy for negligence claims); *see also Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). As for the Deliberate Indifference claim in Count IX, the claim is not pleaded as to the specific decision to hire Officer Bolton. Rather, Plaintiff alleges a general failure to train and supervise Montgomery Police Officers generally. However, Plaintiff has failed to provide evidence of "a history of widespread prior abuse" within the Montgomery Police Department that placed Defendants "on notice of the need for improved training or supervision" in order to support a failure to train and supervise claim. *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990). The City could only be held liable "under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Cuesta v. School Bd. of Miami-Dade County, Fla.*, 285 F.3d 962, 966 (11th Cir. 2002) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff must then offer evidence of an express policy or a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom and usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). Plaintiff has failed to allege any such widespread practice or offer any evidence as such. Thus, to the extent Plaintiff attempted to claim that

11

the City or Murphy could be held liable for any constitutional violation by the officers, that

claim must fail.  Accordingly, the City and Murphy's requests for summary judgment on this

issue are due to be granted.

### E.        *Unlawful Search & Seizure (Count VI)*

Here, Plaintiff claims that Defendants "conducted an unlawful search of his person

and unwarranted investigatory stop." Compl. (Doc. 1) at 10.  Defendants move for summary

judgment on the basis that they are entitled to qualified immunity because the officers

articulated reasonable suspicion to make the investigatory stop. Defs.' Brief (Doc. 27) at 20-

21.

"In resolving questions of qualified immunity, courts are required to resolve a

'threshold question:  Taken in the light most favorable to the party asserting the injury, do

the facts alleged show the officer's conduct violated a constitutional right?'" *Scott v. Harris*,

550 U.S. 372, 377 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  "The Fourth

Amendment provides the right to be 'free from the use of excessive force in the course of an

investigatory stop or other 'seizure' of the person.'" *Beshers v. Harrison*, 495 F.3d 1260,

1265 (11th Cir. 2007) (quoting *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d

1243, 1248 (11th Cir. 2004)). "A Fourth Amendment seizure occurs when 'there is a

governmental termination of freedom of movement through means intentionally applied.'"

*Id*. (quoting *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989)).

Taking the disputed facts in a light most favorable to Plaintiff, there is no question as

to whether there was a termination of the freedom of movement in this case.  Plaintiff

contends that he was forced to the ground at gunpoint and hit over the head with a pistol,

then handcuffed.  Defendants admit that Plaintiff was stopped, ordered to the ground at

gunpoint, and then placed in handcuffs.  The next question then, is whether the seizure was

unreasonable.  *Brower*, 489 U.S. at 599.

"The 'reasonableness' inquiry in an excessive force case is an objective one:  the

question is whether the officer's actions are 'objectively reasonable' in light of the facts and

circumstances confronting him, without regard to his underlying intent or motivation."

*Kesinger*, 381 F.3d at 1248.  Taking the facts in a light most favorable to Plaintiff, and

applying the same analysis as stated above regarding the use of excessive force, the court

finds that summary judgment as to Bolton on this claim is due to be denied as there are

genuine disputes of material fact as to whether his use of force was objectively reasonable.[5]

As to any other Defendant, there are no allegations that Murphy or the City detained Plaintiff.

As to Johnston, the question as to the reasonableness of the detention is intertwined with the

use of excessive force.  The excessive force question revolves around Plaintiff's allegations

that Bolton hit him on the head with a gun.  Indeed, Plaintiff pleads and defends the

---

[5] The Complaint is not quite clear as to whom this claim specifically applied.  It states:  "Defendant
City of Montgomery, through the initiating officer, conducted an unlawful search of his person and
unwarranted investigatory stop on Defendant."  Compl. (Doc 1-1) at 10.  Plaintiff's demand is for
"compensatory and punitive damages in a judgment against each and every Defendant." *Id*.  Based
on the Motion for Summary Judgment it appears Defendants believed this claim specifically
included the individual officers.

excessive force claim based on those facts.  As such, and as discussed above in the excessive

force and failure to intervene claim discussions, Johnston's conduct is not implicated here.

To the extent Plaintiff claims Johnston engaged in an unreasonable detention, the court finds

that Plaintiff has failed to set forth sufficient evidence to survive a motion for summary

judgment.

### F.      Denial of Due Process (Count VII)

In this Count, Plaintiff claims that "Defendants City of Montgomery, Murphy and

others denied Plaintiff his due process by concealing their behavior and motive for

interfering with the administration of justice in violation of Plaintiff's civil rights as

guaranteed by the United States Constitution."  Compl. (Doc. 1) at 11.  Defendant moves for

summary judgment on the basis that Plaintiff has failed to articulate what behavior and/or

motive Murphy or the City concealed that interfered with the administration of justice.

Defs.' Brief (Doc. 27) at 22-23.  Defendants assert that:

> [B]oth officers were interviewed on three separate occasions by both the
> Office of City Investigations and the Montgomery Police Department after
> Plaintiff's mother filed a complaint with the City. (DX. 2, Bolton Affidavit).
> The City of Montgomery went to great lengths to determine whether the
> officers violated any policies or procedures of the City of Montgomery or
> violated Plaintiff's civil rights.

*Id*.  As such, Defendants argue that Plaintiff has fallen well short of establishing a due

process claim.  Plaintiff, for his part, fails to offer any more specifics in his Response, other

than to say that "Plaintiff and Defendants testified that they did not arrest the Plaintiff nor did

they read him his rights, offer him medical assistance nor charge him with any crime." Resp.

(Doc. 31) at 13. This statement appears unrelated to the allegation in the Complaint against

Murphy and the City. Indeed, Defendants state in their Reply that "Plaintiff offered no

evidence to corroborate this statement in his pleading responsive to Defendants' Motion for

Summary Judgment." (Doc. 32) at 6. The court agrees.

Defendants have established that there are no material facts in dispute as to this claim

and that they are entitled to summary judgment.

### G.    Civil Conspiracy (Count VIII)

Here, Plaintiff alleges that: "Defendant Officers and City of Montgomery Supervisors

acting in concert conspired to suppress unwarranted and unlawful conduct of Defendant

Officers by tampering with evidence and proffering same to be used in a judicial tribunal.

Said conspiracy was entered into with the specific intent to cover up the violations of the

Plaintiff's civil rights." Compl. (Doc. 1) at 11. Defendants move for dismissal based on

Plaintiff's failure to plead a conspiracy claim with "sufficient particularity," and based on the

"intracorporate conspiracy doctrine."

As to the failure to plead the conspiracy with particularity, "[a] complaint may

justifiably be dismissed because of the conclusory, vague and general nature of the

allegations of conspiracy. Similarly, mere verification of a party's own conclusory

allegations is not sufficient to oppose a motion for summary judgment." *Fullman v.*

*Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). In response to Defendants' allegations that

Plaintiff's claim was not pleaded with sufficient particularity, Plaintiff asserts:

> The Defendant's employment records indicate that both Defendant Bolton and Johnston reviewed one another's statement on a laptop computer which indicates that there was a collaboration to ensure mutual accuracy and reporting of their version of the incident to their supervisor.  Furthermore, this is a question of fact for the jury to determine as to whether or not they had a motive to conspire and collaborate their stories among themselves prior to conferring with their supervisors concerning this incident which made the basis of this lawsuit.

Resp. (Doc. 31) at 13-14.  These assertions do nothing to establish that the officers conspired with their supervisors.  If anything, the assertions merely allege that the officers conspired amongst themselves to "to ensure mutual accuracy and reporting of their version of the incident to their supervisor."  These allegations a conspiracy do not make.  The court is not even sure under which statute Plaintiff relies for this claim.  Fortunately, the court need not concern itself with such details.  If Plaintiff is claiming a conspiracy under § 1985, this would be precluded pursuant to the intracorporate conspiracy doctrine.[6]  If Plaintiff is claiming a conspiracy under § 1983, he has failed to "make particularized allegations that a conspiracy exists." *Hansel v. All Gone Towing Co.*, 132 F. App'x 308, 309 (11th Cir. 2005).  Plaintiff's allegations here are vague and supported by mere guess-work as to the make-up of a conspiracy and to what end the conspirators plotted.  If Plaintiff is claiming a conspiracy

---

[6] "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). The doctrine applies to public entities such as the City and its personnel.  *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001).  Plaintiff's allegations are only against the City and its employees.

under some other statute or law, the court finds that he has waived his claim[7] and failed to

establish a genuine issue of material fact.  Accordingly, Defendants' request for summary

judgment as to this claim is due to be granted.

### H.    Tort of Outrage (Count X)

In this Claim, Plaintiff asserts that "Defendant Officers caused [Plaintiff] to suffer

great physical and emotional distress and other such matters as alleged herein when they

struck him in the head with a pistol while he was kneeling to the ground." Compl. (Doc 1-1)

at 13.  Defendants move for summary judgment on the basis that Plaintiff cannot prevail on

this claim.

In order to prevail on an outrage claim, a plaintiff must show that a defendant's

conduct:  "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused

emotional distress so severe that no reasonable person could be expected to endure it."

*Harrelson v. R.J.,* 882 So. 2d 317, 322 (Ala. 2003).  Defendants' argue that "Plaintiff has not

provided any documentation which would suggest he suffers from severe emotional distress,

and the evidence is clear that the officers acted reasonably when confronted with a

potentially armed suspect." Resp. (Doc. 31) at 26.

The question of the reasonableness of Bolton's conduct, as discussed above is a

question for the jury.  The question of whether Johnston's conduct fits within this claim is

---

[7] *See*, e.g., *Denney,* 247 F.3d at 1191, n.11. (Finding Plaintiffs had waived conspiracy claim under § 1986 "by failing to so much as mention that statute in their brief.").

not.  For the reasons stated in the discussion above, Plaintiff has failed to create a genuine issue as to whether Johnston's actions "were 'so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'"  *Myles v. Screentech, Inc.*, 2012 WL 1959055, at \*6 (Ala. Civ. App. June 1, 2012)(quoting *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980)).   If Plaintiff can make that showing as to Bolton's actions, he must then put forth evidence that he suffered emotional distress, or the claim is properly dismissed prior to consideration by a jury.  *See Woodruff v. City of Tuscaloosa*, 2012 WL 3538214, at \*6 (Ala. Aug. 17, 2012) ("tort of outrage cannot exist in the absence of extreme emotional distress").  However, at this point, Plaintiff has stated a proper claim against Bolton and there are material facts in dispute and summary judgment is inappropriate.

## IV.   CONCLUSION

For all of the foregoing reasons, it is

ORDERED that the Motion for Summary Judgment is GRANTED in part and DENIED in part as follows:

1) The Motion is Granted as to each claim against Defendants City of Montgomery, Kevin Murphy, Joshua E. Johnston, and those Defendants are DISMISSED from this action.

2) The Motion is Denied as to Defendant Bolton in regards to Counts I, II, VI, and X and Granted in all other respects.

Done this 29th day of August, 2012.

/s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.

UNITED STATES MAGISTRATE JUDGE